FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FEB 12 2003

*Robert [signature]*

CLERK

MACEO JONES,

        Plaintiff,

v.

No. CIV-00-1370 MV/WWD

MARION S. BARRY, Mayor;
MARGARET MOORE, Director,
District of Columbia Department of
Corrections; DOC R. CRANT,
President and Chairman, Corrections
Corporation of America;
ADRIENNE POTEAT,
  Assistant Director, Corrections
  Corporation of America;
DONALD DORSEY, Warden, Torrance
  County Correctional Facility;
J. PRESTON, Sergeant, Torrance
  County Correctional Facility;
CLIFFORD HARRIS, Correctional
  Officer, Torrance County
  Correctional Facility;
EDWARD M. HINES, Assistant
  Commanding Officer, Torrance
  County Correctional Facility;
FELIX GONZALES, Correctional
  Officer, Torrance County Correctional
  Facility; WAYNE A. RICE, Officer,
  Torrance County Correctional Facility;
ARTHUR L. JOHANNES, Officer,
  Torrance County Correctional Facility;

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the

Tenth Circuit. In its order, the Court of Appeals reversed this Court's dismissal of Plaintiff's claims

against Defendants Barry, Moore and Poteat in their official capacities; the court also reversed dismissal

of Eighth Amendment supervisory claims against Defendant Dorsey. The court noted that Defendant

Crant is named in the amended complaint, claims against Johannes have not yet been addressed, and the disposition of claims against Defendant Rice is unclear. The caption of this opinion identifies the Defendants against whom claims remain pending, though certain of these claims are dismissed below.

The record contains no indication that Defendants Barry, Moore, Poteat, and Crant were served with process. Before this proceeding was transferred, however, these Defendants consented to the in personam jurisdiction of the District of Columbia district court by seeking affirmative relief in that court. *Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, No. 99-4042, 2000 WL 147392, at *2 (10th Cir. Feb. 4, 2000) (quoting *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990); *cf. Thompson v. United States*, 312 F.2d 516, 519 (10th Cir. 1962) (waiver of venue defense by conduct). Because the Court of Appeals has reversed the dismissal of claims against these Defendants, they are now subject to the provisions of Fed.R.Civ.P. 12 and 55 with respect to Plaintiff's amended complaint. The 20-day period in Fed.R.Civ.P. 12(a) will commence upon entry of this opinion and order.

After this Court's earlier opinion and judgment were entered, summonses were issued for Defendants Preston, Harris, Gonzales, and Hines. Only Defendant Harris returned a waiver of service, and no motions or responsive pleadings have been filed. By separate cure-defect order, Plaintiff will be allowed to request personal service on Defendants Preston, Gonzales, and Hines. Plaintiff's supervisory Eighth Amendment claims against Defendant Dorsey will be reinstated, and summons will be issued for this Defendant.

Plaintiff's claims against Defendants Rice and Johannes will be dismissed. Dismissal of these claims was inadvertently omitted from the earlier opinion and judgment. The complaint's only allegations against Defendant Johannes are that he was present when Plaintiff's cell was searched in February 1999 and that he lodged a report. These allegations do not support a claim of a constitutional

2

violation by Defendant Johannes. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986); *see also Northington v. McGoff*, No. 91-1252, 1992 WL 149918, at *1, *4 (10th Cir. 1992). And as the Court of Appeals noted, Defendant Rice's name was omitted from the ordering language of the earlier opinion and judgment.

Plaintiff is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why payment should be excused. If Plaintiff fails to submit monthly financial certificates and payments, the complaint will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED as follows:

(1) the Clerk is directed to correct the docket to name only the Defendants in the caption of this opinion;

(2) Plaintiff's claims against Defendants Rice and Johannes are DISMISSED;

(3) Defendants Barry, Moore, Poteat, and Crant are hereby NOTIFIED they are now subject to the applicable provisions of Fed.R.Civ.P. 12 and 55 in this action; and the time periods in Fed.R.Civ.P. 12 begin to run on the date of entry of this opinion and order;

(4) the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Dorsey on Plaintiff's Eighth Amendment supervisory claims;

(5) the Clerk is directed to mail to Plaintiff, together with a copy of this order, 2 copies of the monthly post-filing financial certificate.

_____
UNITED STATES DISTRICT JUDGE

3