IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 27 2003

CLERK

MACEO JONES,

   Plaintiff,

v.                                                         No. CIV-00-1370 MV/RHS

MARION S. BARRY, Mayor, et al.,

   Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions to dismiss, one (Doc. #21) filed March 9, 2003, by Defendants Barry, Moore, Poteat, Grant, and Harris and the other (Doc. #28) filed April 14, 2003, by Defendant Dorsey. Defendants assert, *inter alia*, that Plaintiff did not exhaust available administrative remedies before filing his amended complaint (the "complaint"), as required by 42 U.S.C. § 1997e(a). Plaintiff filed responses to the motions, and Defendants have replied.

By order and judgment entered *sua sponte* on February 21, 2001, most of Plaintiff's claims were dismissed. In Plaintiff's appeal from the judgment, the Court of Appeals for the Tenth Circuit remanded the matter to this Court with an order to reinstate certain claims. Defendants, through local counsel, then answered and moved to dismiss the complaint, raising for the first time the issue of non-exhaustion. Defendants allege that, even though Plaintiff filed a number of grievances, he did not seek administrative relief on all of his claims and did not appeal the dispositions of his grievances. As a result, Defendants argue, Plaintiff has not exhausted administrative remedies for purposes of the statute.

The Supreme Court has ruled that exhaustion is required in all inmate cases. *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). All of Plaintiff's claims must be exhausted before they may be prosecuted in this Court. *Porter*, 534 U.S. at 532; *Booth*, 532 U.S. at 741 n.6; *and see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (plaintiff must complete administrative process; "doctrine of substantial compliance does not apply"). Where a plaintiff alleges that available remedies have been exhausted, a defendant may then make a showing of non-exhaustion, *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), and Plaintiff must have "fair notice of his opportunity to develop a record," *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir.), *cert. denied sub nom. Alameida v. Wyatt*, --- U.S. ---, 2003 WL 1889133 (2003). Defendants' motions are timely. *Beaudry*, 331 F.3d at 1167 n. 5 (10th Cir. 2003) ("Nor are we persuaded that . . . defendants had waived their exhaustion defense by waiting so late to raise it. The statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it.").

Attached to Plaintiff's complaint are copies of six grievance forms, two of which indicate that Plaintiff inquired about his appeal rights. No grievance forms are directed at Plaintiff's prison-transfer claim which, according to the remand order, remains pending in this Court. In his responses to the motions to dismiss, Plaintiff provides no additional evidence of exhaustion. Plaintiff, therefore, has not provided documentary evidence of exhaustion.

Plaintiff asserts that Defendants stipulated in their answers that he exhausted remedies, a statement squarely contradicted by Defendants' answers. Furthermore, in spite of the lack of supporting evidence, Plaintiff claims he has exhausted available remedies for purposes of the statute. "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the

2

administrative remedies that might be available to him.  The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *quoted in Gonzales-Liranza v. Naranjo*, No. 02-2110, 2003 WL 22255886 at *3 (10th Cir. Oct. 2, 2003); *and see Jernigan*, 304 F.3d at 1032.  Here, attachments to the complaint clearly show that Plaintiff knew of appeal procedures but did not pursue appeals that were available on his grievances.  He presents no evidence that he sought administrative relief on other claims including his prison transfer.  "Nor is his argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive." *Jernigan*, 304 F.3d at 1032.  Plaintiff did not exhaust administrative remedies before filing his complaint, and on consideration of the statutory language ("No action shall be brought . . . ."), § 1997e(a), his complaint will be dismissed.

IT IS THEREFORE ORDERED that the motions to dismiss (Doc. #21) filed March 9, 2003, and (Doc. #28) filed April 14, 2003, are GRANTED; Plaintiff's amended complaint is DISMISSED without prejudice for failure to exhaust administrative remedies; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *Mobley v. McCormick*, 40 F.3d 337, 339-40 (10th Cir. 1994), judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE

3